IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EVELYN N. VARGAS,<br>        Plaintiff,<br>vs.<br><br>CITY OF CHICAGO / DEPARTMENT OF<br>PUBLIC HEALTH; ALEX KASPER, in his<br>official capacity and individually and<br>LaNETTE GARCIA, in her official capacity<br>and individually,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00C 5039<br><br>Jury Trial Demanded<br><br>JUDGE LINDBERG<br><br>MAGISTRATE JUDGE BOBRICK |

### COMPLAINT AT LAW
### FOR VIOLATION OF CIVIL RIGHTS AND PENDANT STATE CLAIMS

NOW COMES the Plaintiff, EVELYN VARGAS, by and through her counsel, JOSEPH M. WILLIAMS, who present this Complaint, complaining of the Defendants, and state as follows:

#### JURISDICTION AND VENUE

1. That this is an action seeking redress for rights guaranteed to the Plaintiff by the Fourteenth Amendment to the United States Constitution and 42 U.S.C., 2000e, et seq., including 2000 e (a,b,h), 2000 e-2, 2000 e-2 (a) (1), 2000 e-2 (e) (Title VII), Civil Rights Act of 1964, as amended, Sec. 701 (a,b,h), as well as 29 C.F.R., Sec. 1606-2.

2. That the jurisdiction of this Count is invoked pursuant to 28 U.S.C., Secs. 1331; 42 U.S.C. 2000 e-2 (a) (1); 2000 e (b), and the Fourteenth Amendment to the U.S. Constitution.

3. That venue is proper pursuant to 28 U.S.C., Sec. 1391 (b).

#### THE PARTIES

4. That the Plaintiff, EVELYN VARGAS, is a citizen and resident of Du Page County, State of Illinois and the Federal Northern District of Illinois and at all times relevant

1

hereto was an employee of the City of Chicago, Department of Public Health.

5. That the City of Chicago, Public Health Department, is a municipal entity, being a body corporate and politic.

6. That ALEX KASPER was an Administrator and supervisor at the said Public Health Department, City of Chicago, and an immediate supervisor of the Plaintiff at her employment, at all times relevant hereto.

7. That at all times relevant hereto, LaNETTE GARCIA was an Assistant Administrator at the City of Chicago, Department of Public Health and a supervisor of EVELYN VARGAS.

## COUNT I

### VIOLATION OF TITLE VII, BASED UPON EMPLOYMENT DISCRIMINATION BASED UPON NATIONAL ORIGIN

1-7. That the Plaintiff realleges and reasserts Paragraphs 1 - 7, hereinabove, as Paragraphs 1 - 7 of this Count I.

8. That the Plaintiff, EVELYN VARGAS, is a Puerto Rican, being of non-white, Hispanic origin, thus, as such, being a member of a protected class.

9. That the Plaintiff began employment with the Defendant City of Chicago, Department of Public Health in or about February of 1996, initially as a secretary.

10. That on a continuing basis during the course of Plaintiff's employment, beginning in or about February 1999, until she was constructively discharged on or about June 26, 2000, she was discriminated against in her employment, based upon her national origin, being a non-white Hispanic from Puerto Rico, by her direct supervisors ALEX KASPER and LaNETTE GARCIA, who in their official capacities, were acting as agents and supervisory employees of the Defendant employer.

11. That the municipal Defendant, by and through its agents and supervisory employees, KASPER and GARCIA, subjected the Plaintiff to derogatory remarks, ethnic slurs, embarrassment, harassment, discrimination and abuse at work.

12. That the discriminatory actions of the municipal Defendant through its agents, as aforestated, created a hostile work environment based upon pervasive and severe harassment and invidious discrimination which altered the terms and conditions of her employment, both subjectively and objectively.

13. That the Plaintiff complained directly, numerous times by telephone and by leaving messages, to the immediate supervisors of KASPER and GARCIA, Kasper being the husband of Garcia, Steve O'CHOA and William CARD, but the former, O'Choa, never returned Plaintiff's calls, and the latter did nothing to aid the Plaintiff, demonstrating that the municipal Defendant knew or should have known of the discrimination accorded Plaintiff, and acted negligently or recklessly with respect to the harassment of the Plaintiff and wholly failed to take reasonable, or any, appropriate remedial action.

14. That the agents, and supervisory employees of the municipal Defendant are apparently, white Caucasian, not of Puerto Rican extraction.

15. That, specifically, KASPER mocked at the language and manner of speaking of the Plaintiff, making fun of her pronunciation; he stated that as a Puerto Rican, her mascot should be a flying cockroach; in or about March, 1999, he stated that if Vargas was turned upside down she would look like a mop; made fun of Plaintiff in front of other employees and the public and when she became upset and, or cried, would call her a cry-baby.

16. That other employment harassment and discrimination by the named agents and

3

supervisory employees of the municipal Defendant include, punching out the Plaintiff's time card when she hadn't left; screaming loudly at Plaintiff in front of patients; pointing fingers directly in the Plaintiff's face when speaking to her; claiming she was overusing the telephone when she had not done so, in or about September, 1999, ignoring her; failing to respond to her greetings; talking to her in harsh and unfriendly tones, different from other employees; and telling her repeatedly to quit if she didn't like it.

17. That in February, 1999, Plaintiff requested KASPER to stop the discriminatory behavior and harassment, but was then discriminated against further by being demoted from secretary to a clerk-typist, moved into a less favorable location in the office, was continuously watched and monitored, as if a child, and continuously subjected to ongoing verbal abuse and derogatory remarks, based upon Plaintiff's national origin, thus, constituting retaliatory conduct for her complaint.

18. That on or about September 14, 1999, Plaintiff filed a charge with the Equal Opportunity Employment Commission (EEOC), alleging Title VII discrimination based upon natural origin and retaliation. Exhibit "A".

19. That since filing the charge, Plaintiff, who had never been specifically disciplined prior, was disciplined twice.

20. That the harassment and discrimination and holding Plaintiff up to ridicule at Plaintiff's workplace, creating a hostile environment, which continued and escalated to the point that she was constructively discharged on or about June 26, 2000.

21. That the Defendant has a practice or custom of such harassment based upon national origin and has done so to others, including former employee Kathy LUNA.

22. That the EEOC reached a determination that the Respondent, here the municipal Defendant, was an "employer" within the meaning of Title VII and that:

> "the evidence in the investigation establishes reasonable cause to believe that Respondent has violated Title VII by subjecting (the) charging party, and a class of employees, to a hostile and offensive work environment because of their national origin. This environment includes, but is not necessarily limited to, harassment, stereotyping, and offensive and derogatory comments and remarks about the employees' national origin:. Exhibit "B"

23. That on May 18, 2000, the U.S. Department of Justice, Civil Rights Division, issued a "Notice of Right to Sue" (Exhibit "C"), within 90 days, Plaintiff, thus, having exhausted her administrative remedies.

24. That the discriminatory and harassing conduct hereinabove alleged, altered the terms, conditions and privileges of her employment, based upon her national origin.

25. That the Plaintiff is still unemployed.

26. That the Plaintiff, due to the above-pled facts, has been injured in fact, economically and otherwise, having been, thus, caused to suffer a nervous breakdown with physical impact and having to see mental health professionals and take varied medications for her induced medical conditions.

WHEREFORE, the Plaintiff, EVELYN VARGAS, respectfully requests that this Court:

    a. Enter judgment against the City of Chicago, Department of Public Health;

    b. Award her reinstatement, with all proper promotions;

    c. Award her lost back-pay;

    d. Award her attorneys fees and costs of this action;

    e. Such other and further relief in the premises as is just and proper.

## COUNT II

### VIOLATION OF 42 U.S.C., SEC. 1983, EQUAL PROTECTION VIOLATION - MUNICIPAL DEFENDANT

1. That this is an action seeking redress for the violation of Plaintiff's right to Equal Protection of the laws, based upon the Fourteenth Amendment to the U.S. Constitution, the Equal Protection Clause thereof, as well as 42 U.S.C. Sec. 1983.

2. That jurisdiction of this Court is invoked pursuant to 42 U.S.C., Sec. 1983, as well as 28 U.S.C., Sec. 1331, and the Fourteenth Amendment to the Constitution.

3. That venue is proper under 28 U.S.C. 1391 (b).

4 - 17. That the Plaintiff realleges and reasserts the allegation of Paragraphs 4 - 17 of Count I, as Paragraphs 4 - 17 of this Count II.

18. That the Plaintiff had a property interest in her public employment.

19. That the Defendant, through its policy making and control employees and, or agents, including KASPER and GARCIA, arbitrarily, capriciously and unconstitutionally deprived the Plaintiff of her constitutional rights, her property interest in her public employment, as a policy, custom or usage, as to her as a class, or as to that class of employees similarly situated, by treating non-white Puerto Rican employees differently, with no justifiable basis for the distinction.

20. That the municipal Defendant acted pursuant to color of law.

21. That the Plaintiff has been treated differently and unequally based upon malicious, vindictive and irrational municipal action, which violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, as well as Sec. 1983 of 42 U.S.C., and, thus, denies equal protection of the laws to the Plaintiff.

22. That the Plaintiff has been injured in her constitutional rights and financially as well

as emotionally, with physical impact, as a direct and proximate result of said actions of the municipal Defendant.

WHEREFORE, the Plaintiff, EVELYN VARGAS respectfully requests that this Court:

a. Enter judgment against the City of Chicago of Public Health;

b. Award the Plaintiff compensatory damages in an amount in excess of Fifty Thousand Dollars;

c. Award Plaintiff attorney's fees and costs, pursuant to 42 U.S.C., Sec. 1988;

d. For said other and further relief in the premises as is just and proper.

## COUNT III

### VIOLATION OF 42 U.S.C. 1983
### INDIVIDUAL DEFENDANTS LIABLE

1 - 18. THAT the Plaintiff realleges and reasserts the allegation of Paragraphs 1 - 18, of Count II, as Paragraphs 1 - 18 of this Count III.

19. That the individual Defendants, KASPER and GARCIA, and both of them, have, as individuals, arbitrarily, capriciously and knowingly, with intent, or recklessly, violated well-settled principals of law and participated in a continuing violation of Plaintiff's rights to constitutional equal protection, based upon the Equal Protection Clause of the Fourteenth Amendment and Plaintiff's property interest in her employment, as a custom or practice, under color of law.

20. That the individual Defendants, and each of them, exceeded their delegated authority by knowing or reckless, wrongful violation of the rights of the Plaintiff.

21. That due to said Defendant's wrongful, arbitrarily intentional actions, they have misused and exceeded their lawful authority, officially, and have grievously injured Plaintiff in fact, in her property and constitutional rights, as well as financially, as

individuals.

WHEREFORE, the Plaintiff, EVELYN VARGAS, respectfully requests that this Count:

    a.    Enter judgment in favor of the Plaintiff and against the individual Defendants, ALEX ASPER and LaNETTE GARCIA;

    b.    Award Plaintiff actual damages, as adduced by the evidence, awarded jointly and severely;

    c.    Award punitive damages as determined to be appropriate as to each individual Defendant;

    d.    Award attorney's fees and costs;

    e.    Such other and further relief in the premises as is just and proper.

## COUNT IV

### PENDANT JURISDICTION
### MUNICIPAL DEFENDANT - INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS

1. That this as an action seeking redress for the intentional infliction of mental distress.

2. That this action is brought pursuant to Illinois law.

3. That this action is premised on this Court's pendant jurisdiction.

4 - 17. That the Plaintiff realleges and reasserts the allegations of Paragraphs 4 - 17, of Count II, hereinabove, as Paragraphs 4 - 17 of this Count IV.

18. That the conduct of the municipal Defendant, by and through its agents or supervisory employees was intentional and malicious or done with reckless disregard.

19. That the said conduct was extreme and outrageous, objectively, and beyond all bounds of decency, pursuant to Illinois law.

8

20. That the Plaintiff has suffered depression, humiliation, mental stress, psychological problems, has required medical and psychological treatment at great expense and has been required and is still required to be medically and mentally treated and to take various drugs and medications as a result, causing damage and injury, in fact, is a proximate result.

WHEREFORE, the Plaintiff, EVELYN VARGAS, respectfully requests that this Court:

a. Enter judgment against the City of Chicago, Department of Public Health;

b. Award the Plaintiff compensatory damages in an amount in excess of Fifty Thousand Dollars;

c. Award Plaintiff attorneys fees and costs;

d. For such other and further relief in the premises as is just and proper.

Respectfully Submitted,

_____
Joseph M. Williams

## VERIFICATION

That, the undersigned, the Plaintiff herein, doth affirm and state pursuant to penalty of law that the facts pled in this Complaint are true and correct to the best of her knowledge, other than as to where the pleading is on information and belief, if any.

_____
Evelyn Vargas

Joseph M. Williams
Attorney No. 3128789
209 North Hale, Suite 201
Wheaton, Illinois 60187
(630) 462-7979 / Fax (630) 462-8067

9

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 210994350 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

NAME (Indicate Mr., Ms., Mrs.) Ms. Evelyn Vargas

HOME TELEPHONE (Include Area Code) (773) 772-9417

STREET ADDRESS 2626 N. Kimball,  CITY, STATE AND ZIP CODE Chicago, IL 60647

DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME City Of Chicago, Public Health Dept

NUMBER OF EMPLOYEES, MEMBERS Cat D (501 +)

TELEPHONE (Include Area Code) (312) 746-5162

STREET ADDRESS 1713 S. Ashland,  CITY, STATE AND ZIP CODE Chicago, IL 60608

COUNTY 031

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                LATEST
                        09/14/1999
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I have been employed by Respondent since February 1996 as a Secretary. While employed I have been subjected to derogatory remarks regarding my national origin and other forms of harassment by management. In about February 1999 I asked the Administrator to stop this behavior. I am now being subjected to retaliation in that the harassment has escalated, I was demoted and I am now being subjected to discipline.

II. I believe that I have been discriminated against by Respondent because of my national origin, Puerto Rican and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that:

a.) I was subjected to derogatory remarks regarding my national origin by my Supervisor. After I asked him to stop this behavior he continued to harass me. In April 1999 I was demoted in that I was moved from my work area and placed in a clerk's position. My daily activities are monitored and I am subjected to verbal abuse by management, sometimes in front of the public.

b.) I have now been disciplined on two occasions. Prior to this I had never received any discipline.

EXHIBIT "A"

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 9-14-00  Evelyn Vargas
Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 06/99)

CHARGING PARTY COPY



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL. 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge Number: 210994350

Evelyn Vargas
2626 North Kimball
Chicago, Illinois 60647     Charging Party

v.

City of Chicago, Department of Public Health     Respondent
1713 South Ashland
Chicago, Illinois 60608

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under the Title VII of the Civil Rights Act of 1964, as amended, (Title VII). The Respondent is an employer within the meaning of Title VII and all other requirements for coverage have been met.

Charging Party alleges that she was discriminated against on the basis of her national origin, Puerto Rican, and retaliated against in that she was subjected to national origin harassment, harassed on the basis of her national origin, demoted, monitored, and disciplined.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent has violated Title VII by subjecting Charging Party, and a class of employees, to a hostile and offensive work environment because of their national origin. This environment includes, but is not necessarily limited to, harassment, stereotyping, and offensive and derogatory comments and remarks about the employees' national origin.

EXHIBIT "B"

EEOC Charge Number 210994350
Page 2 of 2

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

January 31, 2000
Date

John P. Rowe
District Director



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

BLL:WBF:mdw
DJ 170-23-272

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, D.C. 20035-5968*
*TDD# 1-800-578-5404*

Evelyn Vargas
2626 North Kimball
Chicago, Illinois 60647

MAY 18 2000

Re: Evelyn Vargas v. City of Chicago, Department of Public Health, EEOC No. 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

Dear Ms. Vargas:

The Civil Rights Division has completely reviewed the file referred to us by the Equal Employment Opportunity Commission (EEOC) in its investigation of your charge of discrimination, and it has been determined that we will not file suit in this particular matter against the respondent. This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: John P. Rowe, District Director, EEOC, 500 West Madison St., Suite 2800, Chicago, ILL 60661.

Sincerely,

Bill Lann Lee
Acting Assistant
  Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

EXHIBIT "C"

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Evelyn Vargas

## DEFENDANTS
City of Chicago / Public Health
Alex Kasper
Lanette Garcia

DOCKETED AUG 22 20

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Du Page**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Cook**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

JUDGE LINDBERG

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph M. Williams
209 N. Hale St.
Wheaton, IL. 60187

ATTORNEYS (IF KNOWN)

00C 5039

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

MAGISTRATE JUDGE BOBRICK

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC, 2000 e, et seq.
42 USC, § 1983

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 950,000 +

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

VARGAS v. CITY OF CHICAGO/
DEPT. OF PUBLIC HEALTH




Case Number: 00C 5039

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

EVELYN VARGAS

JUDGE LINDBERG
MAGISTRATE JUDGE BOBRICK

| (A) | (B) |
|---|---|
| SIGNATURE Joseph M. Williams | SIGNATURE |
| NAME JOSEPH M. WILLIAMS | NAME |
| FIRM SOLO | FIRM |
| STREET ADDRESS 209 N. HALE | STREET ADDRESS |
| CITY/STATE/ZIP WHEATON IL 60187 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 630 462-7979 / FAX NUMBER 462 8067 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |